IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Civil Case No.: 14-80764-CIV-BLOOM

| | |
|---|---|
| LUKASZ MONKA as an individual, and on behalf of all others similarly situated, | : : : |
| *Plaintiff,* | : : : |
| *vs.* | : : : |
| JAG SPECIALTY FOODS, LLC, a New York limited liability company, | : : : |
| *Defendant.* | : : : |

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND FOR TEMPORARY STAY OF FURTHER PROCEEDINGS AND BRIEFING ON THAT MOTION

Plaintiff, LUKASZ MONKA, ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned counsel, hereby moves to certify the classes of consumers identified below, and for a temporary stay of further proceedings and briefing on this motion. Plaintiff reserves the right to amend and/or supplement this Motion as further investigation and discovery occurs;[1] and states in support thereof:

---

1.  Plaintiff is filing this Motion for Class Certification at this juncture as a prophylactic measure in order to protect the interests of the proposed Class from Defendant's anticipated attempt to "pick off" the putative lead class representative in this action, and to prevent Defendant's disputed conduct to go unaddressed as to the rest of the Class. Plaintiff is authorized to take this action to prevent Defendant from making an offer of judgment for full relief on an individual basis and relying on certain case law suggesting that making such an offer of judgment prior to the making of a class certification motion renders the entire litigation moot. *See Keim v. ADF Midatlantic, LLC.*, No.: 12-80755-CIV-MARRA, 2013 WL 3717737, *6 (S.D. Fla. July 15, 2013) (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) (stating "Class-action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs.") Plaintiff reserves the right to conduct discovery to fully develop the facts needed for certification, and to submit full briefing, prior to this Court ruling on Plaintiff's Motion.

1. Pursuant to Federal Rule of Civil Procedure ("Rule") 23, Plaintiff brings this action on behalf of himself and on behalf of the following classes of consumers.

2. **Statewide Classes.** Plaintiff brings this action on behalf of himself and on behalf of statewide classes, as follows:

- **Florida Classes.** Pursuant to Rule 23(a) and (b)(2), all Florida residents who purchased the Products that claim to be "All Natural," but contain soybean oil and/or corn syrup, from June 2010, for personal use and not resale, through and to the date Notice is provided to the Class

- Pursuant to Rule 23(a) and (b)(3), all Florida residents who purchased the Products that claim to be "All Natural," but contain soybean oil and/or corn syrup, from June 2010, for personal use and not resale, through and to the date Notice is provided to the Class.

3. Excluded from the Classes are Defendant, its subsidiaries, affiliates, and employees; all persons who make a timely election to be excluded from the Classes; governmental entities; and the judge(s) to whom this case is assigned and any immediate family members thereof.

4. Plaintiff's Classes satisfy all of the statutory prerequisites for class certification, to be detailed in future Memorandum of Law upon further discover. *see Heaven v. Trust Co.* Bank, 118 F.3d 735, 737 (11th Cir. 1997)

5. Joinder of all Class members is not practical, as the Class likely consists of thousands of persons who reside throughout the State of Florida. Plaintiff will ascertain the precise scope of the Class through discovery. *See Smith v. Wm. Wrigley Jr. Co.*, No. 09-60646-CIV, 2010 WL 2401149, at *4 (S.D. Fla. June 15, 2010)

6. There are questions of fact and law common to all Class members, which predominate over any issues affecting only individual Class members. *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 (11th Cir. 2009).

7. All Class claims arise from the same acts, policies, and practices of Defendant and all are based on the same typical factual and legal theories. *See Kornberg v. Carnival Cruise Lines,*

*Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984).

8. Plaintiff will fairly and adequately represent and protect the interests of the Class and have no interests antagonistic to those of the Class. *See Brown v. SCI Funeral Servs. of Fla., Inc.*, 212 F.R.D. 602, 605 (S.D. Fla. 2003).

9. All Class members have the same legal right to fair treatment by Defendant.

10. Plaintiff, by proving his claims, will prove the claims of the Class.

11. Plaintiff has retained competent counsel experienced in the prosecution and successful settlement of class actions.

12. Counsel for Plaintiff has prosecuted and will continue to prosecute this action vigorously in the interests of Plaintiff and the Class.

13. A class action is an appropriate method for the fair and efficient adjudication of the controversy.

14. Absent this case proceeding as a class action, Plaintiff and Class members will effectively be left without a remedy.

15. Absent a stay of further proceedings and briefing on this motion, the proposed class will prejudiced because Plaintiff will be required to either submit a memorandum of law in support of class certification without a fully developed record, or delay moving for class certification and risk Defendant's attempt to "pick off" Plaintiff to the detriment of the Class.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter an Order:

    i. Taking this motion under submission and deferring further activity on this motion until a future class certification deadline, and after the parties have an opportunity to submit briefing informed by discovery, or alternatively;

    ii. Granting Plaintiff's motion for class certification;

    iii.      Appointing Plaintiff as representative for members of the Class;

    iv.      Appointing the undersigned counsel as Lead Class Counsel;

    v.      Certifying the Classes requested above under Federal Rule of Civil Procedure 23;

and

    vi.      For all other relief this Honorable Court deems just, appropriate, or proper.

### **CERTIFICATE OF GOOD FAITH CONFERENCE:**

Pursuant to Local Rule 7.1, I hereby certify that counsel of record for Defendant is unknown at the present time, but that undersigned counsel will confer with counsel for Defendant regarding all issues presented in this motion upon counsel's Notice of Appearance.

Dated: August 8, 2014                                          Respectfully Submitted,

                                            By:    <u>/s/  Joshua H. Eggnatz</u>
                                                          Joshua H. Eggnatz, Esq.
                                                          Fla. Bar. No.: 0067926
                                                          **THE EGGNATZ LAW FIRM, P.A.**
                                                          5400 S. University Drive, Ste. 413
                                                          Davie, FL 33328
                                                          Tel:    (954) 889-3359
                                                          Fax:   (954) 889-5913
                                                          JEggnatz@EggnatzLaw.com

                                                          *Trial Counsel for Plaintiff and the Proposed Class*

### **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this **8th day of August, 2014**, I electronically filed the forgoing document with the Clerk of the Court using CM/ECF.  I also certify under penalty of perjury under the laws of the United States of America that the foregoing document is being served this day on all counsel of record via transmission Notices of Electronic Filing generated by CM/ECF. I further certify that this motion will be served upon all counsel of record upon entry of Notice of Appearance, and is being served upon Defendant with the Complaint.

<u>/s/   Joshua H. Eggnatz</u>

Joshua H. Eggnatz, Esq.